Ann TAGGART, Petitioner,

v.

George TAGGART, Respondent.

No. B–6363.

Supreme Court of Texas.

May 25, 1977.

Wade & Cromwell, Charles W. Cromwell, Corpus Christi, for petitioner.

Auforth, Keas, McCrury, Karchmer & O'Reilly, Fred C. Auforth, Corpus Christi, for respondent.

POPE, Justice.

Ann Taggart instituted this suit against George Taggart for the partition of military retirement benefits that were not divided when the parties were divorced. The trial court, upon a finding that the parties were married during the time that eight-ninths of the retirement benefits accumulated, rendered judgment that plaintiff was entitled to four-ninths of all retirement pay received by her former husband. The court ordered defendant George Taggart to receive plaintiff's share in trust for the plaintiff and make monthly disbursement to her of her share. The court of civil appeals reversed that judgment and rendered judgment that plaintiff take nothing. 540 S.W.2d 823. We reverse the judgment of the court of civil appeals and reform that of the trial court.

On June 5, 1943, George Taggart entered the United States Navy. Ann and George Taggart were married on October 7, 1947, and they were divorced on January 5, 1968. The divorce proceedings made no mention of retirement benefits. This is, therefore, another one of the succession of cases about retirement benefits which commenced with *Kirkham v. Kirkham*, 335 S.W.2d 393 (Tex.Civ.App.1960, no writ), and includes *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Ables v. Ables*, 540 S.W.2d 769 (Tex.Civ.App.1976, no writ); *Freeman v. Freeman*, 497 S.W.2d 97 (Tex.Civ.App.1973, no writ); *Miser v. Miser*, 475 S.W.2d 597 (Tex.Civ.App.1971, writ dism'd); *Webster v. Webster*, 442 S.W.2d 786 (Tex.Civ.App.1969, no writ); and *Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App.1968, writ dism'd). Once again we admonish counsel and trial judges of the state to make determinations whether such benefits are among the assets of the marriage. *See Busby v. Busby, supra.*

On July 1, 1964, three and one-half years before the divorce, George completed the equivalent of twenty years of active duty. George did not retire but elected to be placed in the Fleet Reserve. 10 U.S.C.A., § 6330. As an enlisted man in the regular Navy, he had to complete thirty years of active duty before he was eligible for retirement based on years of service. 10 U.S.C.A., §§ 6326, 6331 (1958). Mr. Taggart was retired from the Navy on April 1, 1974. Ann Taggart instituted this suit for the recovery of her share of the retirement benefits since April 1, 1974. She did not seek any part of the retainer pay that George Taggart earned for his service in the Fleet Reserve, nor was there any plea of limitations urged in this case.

The court of civil appeals decided this case in August, 1976, at which time the supreme court had granted a writ of error but had not written its opinion in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976). We decided in *Cearley* that retirement benefits are subject to division as vested contingent community property rights even though the present right has not fully matured. We refused to follow the California case of *French v. French*, 17 Cal.2d 775, 112 P.2d 235 (1941), which treated an unmatured pension right as a nonvested expectancy instead of a vested right. In *Cearley*, we held that military retirement benefits were community property even though the benefits at the time of the divorce "had not matured and were not at the time subject to possession and enjoyment." There is no necessity to again analyze the relevant Texas decisions or the opinion of the California court in *Brown v. Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976), which rejected the rule of *French v. French, supra*, and recognized a present contingent right subject to divestment.

Since *Cearley* controls this case, we hold that Ann Taggart owned as her part of the community estate a share in the contingent right to military benefits even though that right had not matured at the time of the divorce. It appears, however, that the trial court did not make the correct computation of her fractional interest.

■ The trial court computed Ann Taggart's one-half interest in George Taggart's retirement benefits upon the basis of his twenty years of service as a member of the regular Navy. At the end of the twenty years, he was not entitled to receive any retirement benefits based upon his term of service, because he had to serve in the Fleet Reserve for an additional ten years. It was, therefore, his three hundred and sixty months of service that entitled him to the retirement benefits. According to the undisputed evidence, Ann and George Taggart's marriage coincided with his service in the Navy for a period of two hundred and forty-six months. The correct computation of Ann Taggart's vested interest is that she was entitled only to one-half of $^{246}/_{360}$th's of the retirement pay.

■ George Taggart by a point in the court of civil appeals challenged the fraction found by the trial court, but upon prevailing in the court of civil appeals, presented no cross-point in the supreme court which called that matter to our attention. It is our opinion that this is an instance in which we should apply the rule of *McKelvy v. Barber*, 381 S.W.2d 59 (Tex. 1964). George Taggart, having obtained a totally favorable judgment in the court of civil appeals, did not carry forward by cross-point in his brief to the supreme court his contention that the amount of the judgment against him was incorrectly computed. A cross-point in this court would have more clearly called such a contention to the attention of the supreme court, but it is our opinion that George Taggart did not waive the point. This is in keeping with *McKelvy* which excused a respondent from carrying forward a cross-point to the supreme court which is aimed toward a judgment less favorable to him than the one he received in the court of civil appeals. *See* Hatchell and Calvert, *Some Problems of Supreme Court*

*Review,* 6 St. Mary's L.J. 303, 318–322 (1974).

The judgment of the court of civil appeals is reversed; the judgment of the trial court is reformed to adjudge the correct fractional interest to Ann Taggart and as reformed is affirmed.

YARBROUGH, J., dissents.

YARBROUGH, Justice, dissenting.

I respectfully dissent.

I find no fault in the position of the majority insofar as they seek to include military retirement benefits, which have accrued during the term of the marriage, in the corpus of the community estate to be divided by the trial court at the time of the divorce. I do feel, however, that good reasons exist for applying this rule prospectively *in futuro* to those divorce actions filed after the date of this court's opinion, and I oppose the view and principle of the majority opinion only to the extent that it operates retroactively, and serves to resurrect the problems of a divorce—and its attendant property settlement agreements—of many years standing.

In the case at bar, the property of the parties was divided pursuant to court decree in 1968. At the time of their divorce in 1968, military retirement benefits payable in the future were assumed to be of a contingent, non-vested character, and therefore outside the jurisdictional power of the court, and accordingly not subject to division by inclusion in court approved and/or drafted property settlements.[1] Notwithstanding that assumption, which we now recognize to have been erroneous, courts were then free to make virtually any distribution of the remaining community and separate property as seemed just and appropriate, in order to do equity among the partners. We cannot know to what extent,

---

1. This view prevailed until this court's opinion in 1976 in *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976) when lawyers and trial courts were first authoritatively advised that *unmatured* retirement benefits were subject to division. The issue regarding division of *matured* retirement benefits was first addressed in 1970 by

this court in *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970).

The instant case had been decided by the court of civil appeals before this court's decision in *Cearley, supra,* and understandably, that court followed the long recognized rule that such benefits were not subject to division.

if any, the expectation of retirement benefits influenced the various courts in dividing properties among divorcing partners. The bounds of judicial discretion in divorce property settlements have known little appellate limitation or review, and what courts could not do officially, they have often done unofficially. It is more than a "reasonable assumption" that such benefits have been, in many if not most instances, of major consideration to the court in effecting a property settlement between partners. We now modify those carefully drafted settlements en masse, and invite all formerly divorced partners to assert new claims to a part of their former spouse's military retirement benefits under circumstances which preclude any review or adjustment of either the original property settlement, or of the equities that were developed as a part of that earlier division.

It is probable that many of the men and women, who are now post-divorce military retirees, have adjusted their life style to the income provided by the benefits. Presumably, many have new families, new ties, new obligations and responsibilities, including "second families." In an effort to provide and plan for such responsibilities, many retirees have made irrevocable elections with respect to dependent, and survivorship benefits, the disruption of which will, in many instances, create hardship if not havoc.

Additionally, and perhaps most regrettably, the majority opinion now authorizes the resurrection of past disputes and personal disappointments—long since laid to rest—as the parties again come to the bar of justice for yet another round of bitter controversy over the question of who is entitled to how much of the retirement benefit—a question which most parties, their lawyers, and all courts, believed to have been answered and finally resolved pursuant to earlier court decrees now many years old.

By the majority's holding today, we encourage all formerly divorced couples with military benefits to relive the pain of their divorce with attendant social disruptions to the life and life style of both the former partners and their new families. Certainly, a better result would have been achieved by applying this rule prospectively to divorce actions filed in the future.