**Roeline D. HUDSON, Appellant,**

v.

**Murray C. HUDSON, Appellee.**

**No. B14–87–959–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 5, 1989.

David A. Gibson, Houston, for appellant.

Steven J. Watkins, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Upon divorce appellant was awarded $188,800.72 as a portion of one of appellee's retirement annuities. We affirm.

Mr. Hudson, at the time of his retirement on September 1, 1986, had thirty-five years of service with Exxon Company, U.S.A. Mr. and Mrs. Hudson were married on November 18, 1975. They were separated in February 1986 and divorced on October 9, 1987. Mr. Hudson worked for Exxon during the entire period of their marriage. Two annuities were part of Mr. Hudson's retirement benefits plan. One of the annuities was based upon the length of his employment. The award of the other is not appealed by the appellant, but rather by the appellee.

At his retirement, Mr. Hudson had 422 months of credited service under the first annuity plan. The Hudsons were married for 130 of Mr. Hudson's 422 months of employment with Exxon. On September 1, 1986, the annuity had a present value of $1,114,323.90. The trial court computed the community property portion of this annuity by multiplying the present value of the annuity times a fraction with the num-

ber of months of the marriage (130) as the numerator and the total months of credited service (422) as the denominator.

$$(1,114,323.90 \times 130/422 = 343,274.04)$$

The separate property portion of the annuity was determined by multiplying the present value of the annuity times a fraction with the number of months he was in the program prior to the marriage (292) as the numerator and the total months of credited service (422) as the denominator.

$$(1,114,323.90 \times 292/422 = 771,049.86)$$

Based upon this, Mrs. Hudson was awarded 55% of the community property portion of this annuity or ($188,800.72).

In her first three points of error, appellant claims that the trial court erred in its calculation of the community and separate property portions of the first annuity plan. Appellant attempts to differentiate this case, from the military retirement benefits cases decided by the Texas Supreme Court. *Grier v. Grier*, 731 S.W.2d 931 (Tex.1987); *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982); *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976). Those military benefits were constant once retirement had been reached. Here the annuity increases proportionately with each year of additional service. In this respect, the benefits are similar to the benefits divided in *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983). Mr. Berry's benefits were based on his last five years of service. There, however, the parties were already divorced at the time of Mr. Berry's retirement, but he had already served enough time to vest his retirement at the time of the divorce. Here, Mr. Hudson had not vested his retirement at the time of the marriage, and they were still married at the time of his retirement. The annuity benefits here are based upon total length of service, not the parties salary in his last years of service. Some facts, therefore, make this a case of first impression.

█ The only recent retirement benefits case where the parties were still married at the time of retirement is *Cameron v. Cameron*, supra. In *Cameron*, the Texas Su-

preme Court upheld the fractional apportionment of the husband's military retirement benefits upon divorce. In doing so, they followed the division set out in *Taggart v. Taggart,* supra; *Cearley v. Cearley,* supra; *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); *Herring v. Blakeley,* 385 S.W.2d 843 (Tex.1965). This is the same apportionment method used in this case. Appellant argues that because the proportionate increase in the benefits under the annuity were greater during the marriage, she is entitled to 55% of the proportionate increase. At the time of the marriage, the annuity value was $1,702.00 per month. At retirement, it had a value of $9,448.00 per month. The increase in the lump sum value during the marriage was $947,531.41. Therefore, appellant claims to be entitled to 55% of the $947,531.41. In *Berry* the Supreme Court held,

> It is clear from the record in this case that twelve additional years of work following divorce which included some twelve to fourteen pay raises, plus union contract negotiations for an improved benefit plan, brought about an increase in retirement benefits paid to Mr. Berry. These post-divorce increases cannot be awarded to Ms. Berry, for to do so would to invade Mr. Berry's separate property, which cannot be done.

*Berry,* 647 S.W.2d at 947; *citing Cameron,* supra. Following this rationale, Mrs. Hudson could be entitled to 55% of the increase in the lump sum value of the annuity. Retirement and pension benefits are a method of employee compensation, and thus community property. *Lee v. Lee,* 112 Tex. 392, 247 S.W. 828 (1923).

■ However, the retirement benefits divided in *Berry,* are different in several respects. They were based upon the average salary during his last five years of employment during which the parties were not married. Had the benefits in this case been based on the same criteria, appellant's analysis could apply. However here, the retirement benefits were based on years of service. The proportionate increase in the lump sum value would have been quite different without Mr. Hudson's service prior to the marriage. Since these annuity

benefits are determined by the number of years of service, the fractional apportionment method is proper. The plan before us resembles a military benefits plan. The fractional apportionment method of *Grier,* supra; *Cameron,* supra; *Taggart,* supra; *Cearley,* supra; *May v. May,* 716 S.W.2d 705 (Tex.App.—Corpus Christi 1986, no writ), should be used when the plan is based on years of service. The increase in the lump sum value was partially a result of his service, before marriage. The service by Mr. Berry after divorce, in the *Berry* case, is analogous to Mr. Hudson's service prior to the marriage. Awarding Mrs. Hudson with 55% of the proportionate increase would be crediting her for Mr. Hudson's service before marriage. This would be invading Mr. Hudson's separate property. A division based upon any formula other than the fractional apportionment method used would have not only produced an inequity, but also divested Mr. Hudson's separate property interest in the annuity. The trial court was correct in its analysis and application of the fractional apportionment method. Points of error one through three are overruled.

■ In six cross-points, the appellee complains that the trial court erred in its division of the other annuity. This annuity, hereinafter referred to as HARC2, is awarded only to executives of Exxon. Section 5.02 of the Texas Family Code states: "Property possessed by either spouse during or on dissolution of the marriage is presumed to be community property. The degree of proof necessary to establish that property is separate is clear and convincing evidence." TEX.FAM.CODE § 5.02 (Vernon Supp.1988). The burden of proving the property is separate is on the party asserting that it is separate. It is not clear from the record when Mr. Hudson obtained the HARC2 annuity. It is, therefore, presumed that it is community property.

■ The trial court awarded 50% of the HARC2 annuity to each party. It is apparent it was considered community property. It appears that the plan was acquired when Mr. Hudson became president of Esso Chi-

na during the marriage. However, this is not clear. The presumption that it is community property, therefore, controls. Although this annuity was also based upon years of service and the average of the last three years salary, Mr. Hudson was not eligible for it until he obtained an executive position. Had this plan been available, or started accruing from the beginning of his service, the fractional apportionment method, as used with the first annuity, would have been proper. Regardless, the appellee has failed to meet the burden under section 5.02 of the Texas Family Code. The trial court was correct in its division. Appellee's cross-points are overruled.

Judgment is affirmed.