Ralph G. PARLIAMENT, Appellant,

v.

Dottie Ann PARLIAMENT, Appellee.

No. 04–92–00594–CV.

Court of Appeals of Texas,
San Antonio.

June 30, 1993.

Rehearing Denied Aug. 17, 1993.

James N. Higdon, Bass, Higdon & Hardy, Inc., San Antonio, for appellant.

Eileen D. Flume, San Antonio, for appellee.

Before PEEPLES, BIERY and GARCIA, JJ.

## OPINION

BIERY, Justice.

This appeal presents the issue of how to determine the extent of the separate and community interests in a lump sum defined benefit retirement account received at the time of divorce. We hold the formula to be applied is:

$$\frac{\text{Number of months married under plan}}{\text{Number of months employed under plan}} \times \text{Value} = \begin{array}{c}\text{extent of community}\\\text{interest}\end{array}$$

Dottie Ann Parliament sued Ralph Parliament for divorce; Ralph counterclaimed. Following discovery, the parties entered into an agreement which resolved all issues except the separate and community nature of Ralph's Southwestern Bell Telephone Company lump sum retirement benefit. Among other things, the parties agreed that Dottie Ann would get 60% of the community share of the retirement benefit, Ralph would get 40% of the community share of the retirement benefit and Ralph would get all of the separate property interest in the retirement benefit; however, they could not agree on how much of the lump sum retirement benefit was separate because of employment prior to marriage and how much was community interest earned during the marriage. Following a trial to the court, a final decree of divorce was entered which found Ralph's separate property interest in the retirement fund to be 2.83%, notwithstanding that Ralph had worked 27.3% of his employment years with Southwestern Bell prior to the marriage.

In nine points of error Ralph contends the trial court erred in determining the extent of the separate and community nature of the retirement fund of $392,650.00. Under four points of error, he challenges the award of attorney's fees and expert witness fees to Dottie. We affirm that portion of the judgment granting a divorce; we reverse and render that portion of the judgment partitioning the Southwestern Bell Retirement benefits to reflect that Ralph's separate property interest in the plan is 88 (number of months worked before marriage under plan)/ 322 (number of total months employed under plan) × $392,650.00, or $107,308.00, with the balance $285,343.00 being community property subject to division pursuant to the agreement between the parties. We reverse and render judgment that Dottie take nothing regarding expert witness fees; we reverse the trial court's award of attorney's fees to Dottie and remand the attorney fee issue to the trial court for further proceedings.

■ Ralph began working for Southwestern Bell Telephone Company on February 4, 1965, at which time he began earning his pension rights and continued earning those rights until the time of his retirement on December 30, 1991. He and Dottie were married June 8, 1972, some eighty-eight months after Ralph began his employment with the Southwestern Bell. The formula for calculating Ralph's benefits under the plan was (1%) × (years of service) × average of five highest years salary) = retirement annuity. Based upon that formula, an expert witness calculated that the *value* of Ralph's accrued benefit in the plan following eighty-eight months of employment at the time of marriage was only $1,094.00 per year. Subsequent to marriage, as Ralph earned increases in salary and credited service years, Bell increased the percentage of benefit from a 1% formula to a 1.6% formula. Thus, as of his retirement in 1991, the accrued benefit in the Bell Retirement Plan was $38,619.00 per year expressed as a straight-line annuity or the $392,650.00 lump sum amount.

The trial court, based on expert testimony analysis, found Ralph's separate interest in the retirement plan to be 2.83% or $11,123.00 by applying a "valuation formula" expressed as follows:

| | |
|---|---|
| Separate property: | $1,094.00/$38,619.00 = 2.83% |
| Community property: | $37,525.00/$38,619.00 = 97.17% |

Applying this formula to the lump sum benefit which Ralph chose to take resulted in $11,123.00 being deemed separate property and $381,527.00 being deemed community. We are persuaded that cases involving the *extent,* as opposed to the *value,* of the community interest in retirement funds require application of the formula set forth by the Texas Supreme Court in *Taggart v. Taggart,* 552 S.W.2d 422, 423–24 (Tex.1977):

$$\frac{\text{Number of months married under plan}}{\text{Number of months employed under plan}} \times \text{Value} = \text{extent of community interest}$$

---

*See also Berry v. Berry,* 647 S.W.2d 945, 947 (Tex.1983) (expressly declining to overrule *Taggart* insofar as the *extent* of the community interest in retirement funds is concerned.) [1]

From a policy standpoint, we think the application of the *Taggart* formula satisfies two goals of the law:

1. Simplicity and predictability making unnecessary a "battle of experts" about valuation.

2. Fairness and neutrality in taking into account that although the later years of employment during the marriage see the benefits increase in value, that increase in value would not have taken place but for the foundation years of employment prior to the marriage. Conversely, in a situation where an individual continues to work after a divorce and, therefore, the post-divorce years of employment are arguably more valuable in terms of the retirement benefit, the *Taggart* formula nevertheless takes into consideration and benefits the community interest by again giving credit to the fact that

the foundation years of employment during the marriage made it possible to have the later years of employment greatly increase the value of the retirement benefit.

Stated another way, while it is true the retirement benefits are not earned equally during each month of employment, the final months of employment which are ultimately more valuable in contributing to the retirement plan are more valuable because of the previous months worked by the employee. Points one through nine are sustained.

■ In points twelve and thirteen, Ralph contends the trial court erred in awarding Dottie Ann attorneys' fees. Under the terms of their agreement, the party who prevailed on the "retirement characterization" issue was entitled to recover attorneys' fees. Because we have sustained Ralph's points one through nine, he has prevailed on the characterization issue and is entitled to recover attorneys' fees. Accordingly, the trial court's award of attorneys' fees to Dottie Ann is reversed, and the cause is remanded to the

---

1. For post-*Taggart* and post-*Berry* cases where the parties were divorced after the employee spouse retired or terminated employment under the plan, *see Anderson v. Anderson,* 707 S.W.2d 166, 168 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (*Berry* valuation applicable only to post-divorce suit for partition where spouse worked additional years after divorce); *Harrell v. Harrell,* 700 S.W.2d 645, 646, 648 (Tex.App.—Corpus Christi 1986, no writ) (*Taggart* ratio applied by court to determine extent of community interest in retirement benefits); *Workings v. Workings,* 700 S.W.2d 251, 254 (Tex.App.—Dallas 1985, no writ) (applying *Taggart* months married/months in military service ratio to determine extent of community share); *Neese v. Neese,* 669 S.W.2d 388, 390 (Tex.App.—Eastland 1984, writ ref'd n.r.e.) (*Berry* valuation not controlling because spouse was retired when parties divorced). Where divorce occurred prior to the employed spouse's retirement or termination of employment, *see Humble v. Humble,* 805 S.W.2d 558, 561 (Tex.App.—Beaumont 1991, writ denied) (extent of community interest not determined by subtracting annuity benefit on date of marriage from annuity benefit on date of divorce; rather, *Taggart* apportionment formula applies); *Iglinsky v. Iglinsky,* 735 S.W.2d 536, 538 (Tex.App.—Tyler 1987, no writ) (*Taggart* apportionment formula applicable to retirement benefits, not mere contributions); *May v. May,* 716 S.W.2d 705, 710–11 (Tex.App.—Corpus Christi 1986, no writ) (*Taggart* apportionment formulation and *Berry* valuation of benefits should be calculated at time of divorce where employee spouse continues to be employed after divorce); *Dunn v. Dunn,* 703 S.W.2d 317, 321 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) (*Taggart* formula governs extent of community interest, *Berry* formula governs value of retirement benefits). *See generally,* John Hopwood, et al., *Selected Current Issues in Community Property Aspects of Retirement Plans,* 39 BAYLOR L. REV. 1199, 1201 (1987); Stephen R. Brown, Comment, *An Interdisciplinary Analysis of the Division of Pension Benefits in Divorce and Post–Judgment Partition Actions: Cures for the Inequities in Berry v. Berry,* 37 BAYLOR L.REV. 107, 134, 152–53 (1985).

trial court for a determination of reasonable attorneys' fees incurred by Ralph.

 Finally, in points ten and eleven, Ralph contends the trial court erroneously ordered him to pay $2,500.00 of the $4,500.00 in expert fees incurred by Dottie Ann's characterization expert. Dottie Ann contends the fees were properly awarded under section 3.77 of the Family Code, which provides:

> In any proceeding to *enforce a property division* as provided by this subchapter, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs in any proceeding under this subchapter and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name by any means available for the enforcement of a judgment for debt.

Tex.Fam.Code Ann. § 3.77 (Vernon 1993) (emphasis added). Because this is a divorce proceeding, not a proceeding to enforce a property division, we hold section 3.77 is inapplicable. Moreover, the parties' agreement specifically states: "Each pays debts (not awarded herein) incurred w/out the joinder of the other." Expert witness fees were not awarded as a "debt" in the agreement. Unlike the provision regarding attorneys' fees, no provision was made for the submission of this debt to the court for division. Accordingly, points ten and eleven are sustained, the judgment of the trial court awarding Dottie Ann expert witness fees in the amount of $2,500.00 is reversed, and judgment is rendered that she take nothing on this claim.

In summary, the judgment of the trial court is affirmed insofar as it granted Ralph and Dottie Ann a divorce. The portion of the judgment which characterizes the separate and community nature of the Southwestern Bell retirement plan is reversed and judgment is rendered that $197,308.00 of the $392,650.00 is Ralph's separate property, with the balance of $285,343.00 being community property subject to division pursuant to the agreement. The portion of the judgment which awards Dottie Ann expert witness fees is reversed and judgment is rendered that she take nothing on said fees. Further, the portion of the judgment awarding Dottie Ann

attorneys' fees is reversed and the cause is remanded for a determination of Ralph's reasonable attorneys' fees.