**David A. BLOOMER, Appellant,**

v.

**Patricia Anne BLOOMER, Appellee.**

**No. 01–91–01428–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 1996.

Rehearing Overruled July 11, 1996.

James N. Higdon, San Antonio, Martin D. Carden, Richmond, for appellant.

Ronald R. Pope, Richmond, for appellee.

Before SCHNEIDER, C.J., and O'CONNOR and WILSON, JJ.

## OPINION ON REHEARING

WILSON, Justice.

The issue in this case is the proper method of characterization of reserve duty military and civil service retirement benefits. This is an appeal from the rendition of a final divorce decree after a bench trial. Appellant David A. Bloomer challenges in two points of error the characterization and award of part of his Air Force and civil service retirement benefits to appellee Patricia Anne Bloomer, his former wife.[1] We reverse.

### Military Retirement Benefits

The Bloomers were married a total of 160 months from March 18, 1978 to June 19, 1991, the date the trial court rendered a decree granting their divorce. At trial, David testified without objection that he earned 2479 points for his Air Force reserve service before his marriage and 906 points during his marriage, for a total of 3385 points.[2] The trial court, however, character-

1. On February 27, 1996, we granted David's motion for rehearing, withdrew our judgment and opinion of October 26, 1995, and ordered the case to be resubmitted. See TEX.R.APP.P. 100(c). After receiving leave of Court, David filed an amended brief bringing seven points of error. We will consider the additional authorities in David's amended brief, but we will not consider his additional points of error.

2. The requirements for entitlement to military retirement pay are set forth in 10 U.S.C.S. § 12731(a) (Law. Co-op Supp.1996) and include the performance of at least 20 years of military service. A year of military service accrues for each one-year period in which the person is credited with at least 50 military retirement points. 10 U.S.C.S. § 12732(a)(2) (Law. Co-op Supp.1996). The method by which points are

ized and awarded the military retirement benefits to Patricia as follows:

> All right, title, and interest in and to 34% ($\frac{1}{2} \times {}^{160}\!/_{236}$) of the United States Air Force disposal retired [sic] or retainer pay to be paid as a result of **DAVID A. BLOOMER's** service in the United States Air Force, and 34% of all increases in the United States Air Force disposable retirement or retainer pay due to cost of living or other reasons, if, as, and when received.

The characterization and award was based on David's months of military service, rather than the points he accrued during marriage. The court explained the award by stating, "They had been married 160 months through July, 1991. That will have been 160 months if I calculated that correctly.... As I understood the testimony, he will have 20 years [of reserve service] in November. I simply backed off four months from that 240 months to get 236."

In David's first point of error, he contends the trial court erred in rendering its divorce decree because the court awarded a portion of his separate property, the military retirement benefits, to Patricia. *See* TEX.FAM. CODE ANN. § 5.01(a)(1) (Vernon 1993) (spouse's separate property consists of property owned by spouse before marriage). David argues that the 2479 points he accrued before his marriage are his separate property and the 906 points he accrued during his marriage are community property. We agree.

■ Patricia is entitled to a just-and-right division of the community estate's interest at the time of divorce in David's contingent right to military retirement benefits. *Taggart v. Taggart*, 552 S.W.2d 422, 423 (Tex. 1977); *see* TEX.FAM.CODE ANN. § 3.63(a) (Vernon 1993); *Berry v. Berry*, 647 S.W.2d

945, 947 (Tex.1983). The trial court apparently attempted to follow *Taggart* literally in characterizing the community estate's share of David's military retirement benefits. In *Taggart*, the former husband had 360 months of active and retired naval service, with 246 months of those months earned during marriage. The supreme court held the former wife was entitled to a division of the percentage of the former husband's retirement benefits that belonged to the community estate, *i.e.*, ${}^{246}\!/_{360}$. *Taggart*, 552 S.W.2d at 424.

A literal application of the characterization of property under the facts in *Taggart* would be inappropriate in this case. A California appellate court has observed that military retirement benefits for *active duty* personnel are in effect based on the number of months served, as long as the retiree has the minimum number of years of service, *i.e.*, 20 years. *In re Marriage of Poppe*, 97 Cal. App.3d 1, 158 Cal.Rptr. 500, 501 (Ct.App. 1979); *see* 10 U.S.C.S. §§ 12731(a), 12732(a)(2) (Law. Co-op Supp.1996). Military retirement benefits for *reserve* personnel, however, are based on the total number of points the retiree accumulated during reserve duty, as long as the retiree accumulated at least 20 years in which at least 50 or more points were earned. *Poppe*, 158 Cal. Rptr. at 501; *see* 10 U.S.C.S. §§ 12731(a), 12732(a)(2) (Law. Co-op Supp.1996).[3] Depending on how active a reservist is, the reservist could accumulate more points before marriage than are accumulated during marriage, even though the reservist has spent more calendar time as a married reservist than as an unmarried one.

In *Poppe*, the court was faced with facts similar to this case. The *Poppe* court concluded that the California trial court's apportionment was erroneous because the basis of the apportionment, the ratio of the months of

---

earned is set forth in 10 U.S.C.S. § 12732(a)(2) (Law. Co-op Supp.1996). We note that the United States Code provisions related to military retirement benefits cited in this opinion were transferred from chapter 67 to chapter 1223 of title 10 on October 5, 1994. National Defense Authorization Act for Fiscal Year 1995, Pub.L. No. 103–337, § 1662(j)(1), 106 Stat. 2663, 2998. Because there is no substantive difference as the law relates to this case, we cite to the current provisions in chapter 1223.

3. The statutory requirements for active duty and reserve personnel are actually the same. It is unnecessary to consider an active duty retiree's points, however, because there is a direct ratio between length of active duty service and accumulated points: points for active duty personnel accrue at the constant rate of one point per day. 10 U.S.C.S. § 12732(a)(2)(A)(i) (Law. Co-op Supp.1996).

reserve duty service during marriage compared to the total months of reserve duty service, bore no substantial rational relationship to the amount of the pension. *Poppe*, 158 Cal.Rptr. at 503. We adopt the rationale of *Poppe* and apply it to this case.

■■■■ The trial court should have characterized David's military retirement benefits by comparing his points accrued while married to the total accrued points, *i.e.*, $906\!/\!3385$, or 26.77 percent. It was this 26.77 percent of David's military retirement benefits that was subject to a just-and-right division. The remaining 73.23 percent was his separate property and was not subject to division.[4] The trial court's decree divested David of a portion of his separate property, which the court did not have the power to do.[5] *See Cameron v. Cameron*, 641 S.W.2d 210, 215 (Tex.1982); *Powell v. Powell*, 822 S.W.2d 181, 184 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Accordingly, we sustain David's first point of error.

### Civilian Retirement Benefits

David testified without objection at trial that he had worked for the Department of Veterans Affairs and its predecessor, the Veterans Administration, from December 1978 to the present, which amounts to a total of 151 months from December 1978 to the rendition of the divorce decree. David also testified that he was married to Patricia during the entire time he was employed by the VA and that the present value of his civil service retirement was $34,454.25.

The trial court characterized and awarded a portion of David's civil service retirement to Patricia as follows:

All right, title, and interest in and to the monthly amount determined under the formula set forth below from the gross annuity to be paid by the Civil Service Retirement System (or the Federal Employees Retirement System in the event **DAVID A. BLOOMER** transfers from the Civil Service Retirement System to the Federal Employees Retirement System Basic Plan) as a result of **DAVID A. BLOOMER's** employment in the civil service of the United States of America (and any service in the Armed Forces of the United States of America and all employment which is creditable in determining retirement benefits), if, as, and when payable, and a proportional share of all costs of living increases therein, in the proportional share that the award to **PATRICIA ANNE BLOOMER** on a monthly basis bears to the total monthly annuity payment paid, all of said payments to be paid as set forth below. In the event a lump sum credit is paid from the Civil Service Retirement System Basic Plan (or the Federal Employees Retirement System in the event **DAVID A. BLOOMER** transfers from the Civil Service Retirement System to the Federal Employees Retirement System Basic Plan) **PATRICIA ANNE BLOOMER** is awarded and shall receive an amount determined under the formula set forth below from such lump sum payment to be paid as set forth below.

The Formula to determine the monthly amount to be paid to **PATRICIA ANNE BLOOMER** is:

1. 151 months divided by the total number of months credited toward **DAVID A. BLOOMER's** retirement in the Civil Service Retirement System (or Federal Employees Retirement System) times ½ times the amount of the gross annuity (or the amount of the lump sum credit if that is what is paid).

---

4. Assuming the just-and-right division was 50–50, the trial court should have awarded Patricia 13.38 percent (½ × $906\!/\!3385$) of David's military retirement benefits and associated cost of living increases.

5. Patricia claims that the absence of findings of fact and conclusions of law requires us to overrule point of error one. While it is true that in the absence of findings of fact and conclusions of law we must presume that the trial court made all necessary findings to support its decree, there is no disagreement regarding the crucial facts, *i.e.*, the dates of the marriage and divorce and the number of military retirement points accrued both before and during the marriage. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). This appeal, however, is not about the facts. We agree with David that the trial court used an incorrect *legal* standard to characterize the military retirement benefits, and accordingly there is no legal theory supported by the evidence on which we may affirm the decree. *See id.*

In David's second point of error, he contends the trial court erred in rendering its divorce decree because the court awarded a portion of his separate property, the civilian retirements benefits, to Patricia. *See* TEX. FAM.CODE ANN. § 5.01(a)(1) (Vernon 1993). David does not dispute the ratio in the trial court's formula, *i.e.,* the months of civil service credited during marriage compared to the total number of months of civil service credited. What David disputes is the trial court's failure to limit the future annuity to which the ratio will apply to that portion of the annuity which was earned during the marriage.

■ David argues that the trial court cannot characterize any monetary value of the future annuity which is based on creditable pre-marriage military service as community property. We agree. If the trial court, however, includes the number of months of David's creditable pre-marriage military service as a part of the "the total number of months credited toward **DAVID A. BLOOMER's** retirement in the Civil Service Retirement System," then the *Taggart* ratio of number of months while married compared to the total number of months credited towards retirement will properly account for David's separate property.

■ David also argues that the trial court failed to limit the calculation of the future annuity to an annuity based on his salary and months of service at the time of divorce. We agree. Pension benefits accruing as compensation for services rendered after a divorce are not part of the parties' community estate subject to a just-and-right division. *Grier v. Grier,* 731 S.W.2d 931, 932 (Tex.1987); *Berry,* 647 S.W.2d at 947. Accordingly, we sustain David's second point of error.[6]

We reverse the divorce decree and remand the cause to the trial court for further proceedings.

---

6.  As in point of error one, Patricia claims that the absence of findings of fact and conclusions of law requires us to overrule point of error two. We reject her argument for the reasons given above.