Opinion issued January 6, 2005.

     

In The
Court of Appeals
For The
First District of Texas

NO. 01-03-00677-CV

TOM C. KNICKERBOCKER, Appellant

V.

ROBBYN E. KNICKERBOCKER, Appellee

On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Cause No. 88,671

MEMORANDUM OPINION

          Appellant, Tom C. Knickerbocker, challenges the trial court’s order denying
his “Motion for Clarification Order In the Decree of Divorce Relating to Division of
Military Retirement Benefits.” In his sole issue, appellant contends that the trial court
abused its discretion by failing to issue a clarification order on the ground that it
would substantially change the division of property, as provided by the divorce
decree between him and appellee, Robbyn E. Knickerbocker, his former wife. We
affirm.
Background
          Tom entered the United States Navy on September 22, 1960 and served
continuously on active duty until he transferred to the United States Naval Reserve
on September 1, 1964. On February 22, 1969, Tom and Robbyn were married. They
divorced on April 29, 1996, and, on May 1, 2000, Tom retired and became eligible
for Navy retirement once he reached 60 years old in July 2001. 
          On or about August 2001, the Defense Finance and Accounting Service
(“DFAS”) remitted the first retirement benefit payments to Tom and Robbyn. 
Robbyn received 38 precent of Tom’s retirement benefit. This 38 percent distribution
was drawn against the entire retirement benefit and included benefits earned before
and after the marriage. After the first payments were received, Tom contacted the
DFAS to reconcile the application of 38 percent to the entire benefit, rather than the
community property portion of the benefit. In response to this request, DFAS issued
a letter stating that the benefit payments were calculated in accordance with the
Knickerbocker’s final divorce decree. DFAS further instructed Tom to petition the
court for a clarification order if he thought that Robbyn’s award was incorrectly stated
in the divorce decree.
          Tom filed a Motion for Clarification asserting his rights to his separate
property, which consisted of time in service prior to the marriage and time in service
after entry of the divorce decree. The trial court denied the Motion for Clarification.Clarification Request
            In his sole issue, Tom asserts that the trial court abused its discretion because
Texas law permits the trial court to issue a clarifying order to enforce the divorce
decree. We disagree. 
            In a divorce, a trial court shall divide the parties’ marital estate in a manner that
the court determines is just and right, having regard for the rights of each party and
any children of the marriage. Tex. Fam. Code Ann. § 7.001 (Vernon 2003). 
However, once the marital estate is divided, a court may not amend, modify, alter, or
change the division of property made or approved in the decree of divorce or
annulment. Tex. Fam. Code Ann. § 9.007 (b) (Vernon 2003). An order to enforce
the division is limited to an order to assist in the implementation of or to clarify the
prior order and may not alter or change the substantive division of property. Tex.
Fam. Code Ann. § 9.007 (a) (Vernon 2003). An order that amends, modifies, alters,
or changes the division of property made or approved in a final decree of divorce is
beyond the trial court's power and is unenforceable. Tex. Fam. Code Ann. § 9.007
(b).
          If it finds that the original form of the division of property is not specific
enough to be enforceable by contempt, the trial court may render a clarifying order
setting forth specific terms to enforce compliance with the original division of
property awarded by the divorce decree. See Tex. Fam. Code Ann. § 9.008 (Vernon
2003). Clarifying orders may more precisely specify the manner of carrying out the
property division previously ordered so long as the substantive division of the
property is not altered. See McPherren v. McPherren, 967 S.W. 2d 485, 490 (Tex.
App.—El Paso 1998, no pet.).
          We review a trial court’s denial of a motion for a clarification order for an
abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). A trial
court abuses its discretion when it acts in an unreasonable and arbitrary manner or
without reference to any guiding rules or principles or erroneously exercises its power
by making a choice that was not within the range of choices permitted the court by
law. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985).
          In this case, although Tom’s motion to the trial court was entitled “Motion for
Clarification Order In the Decree of Divorce Relating to Division of Military
Retirement Benefits,” the relief sought in the motion was a modification of the
division of property in the divorce decree. In the motion, Tom specifically requested
the trial court to issue an order that would apply a formula, different than the one used
in the divorce decree, to calculate Robbyn’s portion of the retirement benefit. 
Applying this formula would alter the substantive division of property and was a
request beyond the power of the trial court. See Tex. Fam. Code Ann. § 9.007(b). 
Such relief can only be considered upon the timely filing of a motion to modify the
divorce decree. See e.g., Bloomer v. Bloomer, 927 S.W. 2d 118 (Tex. App.—Houston
[1st Dist.] 1996, writ denied) (providing the proper method to challenge the
characterization of military retirement benefits in a final divorce decree). 
Accordingly, we hold that the trial court properly exercised its discretion when it
denied Tom’s “Motion for Clarification.”
We overrule issue one.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice 
 
 
Panel consists of Justices Nuchia, Hanks, and Higley.