**Motion to Dismiss Denied; Affirmed in Part and Reversed in Part; Remanded; and Majority and Concurring Opinions filed February 14, 2012.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

————————————

## NO. 14-08-00700-CV
————————————

**R.M. SPRAGUE, Appellant**

**V.**

**D.L. SPRAGUE, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-48988**

---

## CONCURRING OPINION

This appeal presents an issue of statutory interpretation regarding subsections (a) and (b) of former Texas Family Code section 3.007, which govern the characterization of property interests in certain employee benefits.[1]  Appellant Robert M. Sprague ("Bob")

---

[1] *See* Act of May 24, 2005, 79th Leg., R.S., ch. 490, § 1, 2005 Tex. Gen. Laws 1353, 1353, *repealed by* Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 11(1), 2009 Tex. Gen. Laws 1950, 1953.  All statutory references in this opinion are to the version of the Texas Family Code that was in effect immediately prior to the 2009 repealer.

and appellee Deborah L. Sprague ("Deborah") urge different interpretations of this statute, and the statute's meaning is the principal issue in this case.

Under Texas law, in interpreting section 3.007, this court should begin by examining the text of the statute to glean the intent of the legislature as reflected in the text and in an effort to give meaning to the entire statute. The court then should determine whether the statute is ambiguous based upon the statutory interpretations proffered by the parties or suggested by the text. If the statute is unambiguous, the court must adopt the interpretation supported by the statute's plain language, without relying upon extratextual sources to interpret the statute, unless such an interpretation would lead to absurd results. If the statute is ambiguous, the court should cautiously consult extratextual aids to interpretation in an effort to determine the legislature's intent and give effect to the entire statute. Because the majority does not follow this procedure in interpreting section 3.007, I do not join the part of the majority opinion dealing with the first three issues.

### *This court should begin with the text.*

Under his first three issues, Bob raises an issue as to the proper interpretation of subsections (a) and (b) of section 3.007. In his analysis as to what part of Bob's pension benefits is Bob's separate property and what part is community property, Deborah's expert based his testimony on both of these subsections. In interpreting these subsections, this court must begin by examining the text of the statute.[2] But, the majority does not quote, discuss, analyze, or apparently consider the text of subsection (b) at all.[3] The majority

---

[2] *See Carreras v. Marroquin*, 339 S.W.3d 68, 71 (Tex. 2011) (stating "statutory interpretation begins by examining the text of the statute," just before quoting the text of the statute at issue); *In re Smith*, 333 S.W.3d 582, 586 (Tex. 2011) (stating "when construing a statute, we begin with its language"); *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893, 901 (Tex. 2010) (stating that "we begin with the statute's text" and that "we examine the entire act to glean its meaning, try to give meaning to each word, and avoid treating statutory language as surplusage where possible") (quotations omitted). *See also Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed. 2d 766 (1980) (stating that "the starting point for interpreting a statute is the language of the statute itself").

[3] *See ante* at pp. 10–13.

quotes subsection (a), but does not discuss or analyze its language in interpreting the statute.[4] The statute at issue reads in its entirety as follows:

> (a) A spouse who is a participant in a defined benefit retirement plan has a separate property interest in the monthly accrued benefit the spouse had a right to receive on normal retirement age, as defined by the plan, as of the date of marriage, regardless of whether the benefit had vested.

> (b) The community property interest in a defined benefit plan shall be determined as if the spouse began to participate in the plan on the date of marriage and ended that participation on the date of dissolution or termination of the marriage, regardless of whether the benefit had vested.[5]

Subsection (a) addresses the separate-property interest of a participant in a defined-benefit retirement plan, and subsection (b) addresses the community-property interest in such a plan.

### *This court should address all of the parties' proffered interpretations.*

Bob worked for Shell for approximately eighteen years before he married Deborah on July 6, 1985. He then worked for approximately eighteen more years before retiring on June 30, 2003. Bob petitioned for divorce in 2005, and the trial court granted Bob a divorce in 2008. In one of Bob's arguments regarding the interpretation of subsections (a) and (b), Bob asserts that subsections (a) and (b) do not apply to cases in which the retirement-plan participant has retired before the date of divorce. Bob notes that under subsection (b), the community-property interest in the retirement plan is determined as if the retirement-plan participant (Bob) participated in the plan through the date of divorce. Bob argues that because he retired and stopped accruing pension benefits more than four years before the date of divorce, the methodology for computing the separate-property and community-property interests contained in subsections (a) and (b) cannot apply in the case under review. The majority does not mention or analyze this statutory-interpretation argument.

---

[4] *See ante* at pp. 10–13.

[5] Act of May 24, 2005, 2005 Tex. Gen. Laws at 1353.

3

Deborah argues against this statutory interpretation. Under Deborah's proffered interpretation, subsections (a) and (b) need not both apply in a particular case. Deborah maintains that the proper interpretation of subsections (a) and (b) is as follows: subsection (a) applies only in cases in which a spouse was accruing benefits in a defined-benefit retirement plan when the parties married, and subsection (b) applies only in cases in which a spouse will continue to accrue benefits in a defined-benefit retirement plan after the date of divorce. The majority does not mention or analyze this statutory-interpretation argument.

### *This court should determine whether the statute is ambiguous.*

This court's role in interpreting section 3.007 is to determine and give effect to the legislature's intent.[6] After reviewing the statute's text and considering the context and the various possible interpretations of the statute, we must determine if the statute is ambiguous.[7] If the statute is unambiguous, then we must adopt the interpretation supported by the statute's plain language, without relying upon extratextual sources to interpret the statute, except in the rare situation in which such an interpretation would lead to absurd results.[8] We cannot use extratextual sources, such as legislative history, to interpret a statute in a way that contradicts the statute's unambiguous language.[9] But if the

---

[6] *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000).

[7] *See Cail v. Serv. Motors, Inc*., 660 S.W.2d 814, 815 (Tex. 1983); *Dob's Tire & Auto Center v. Safeway Ins. Agency*, 923 S.W.2d 715, 719 (Tex. App.—Houston [1st Dist.] 1996, writ dism'd w.o.j.).

[8] *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011); *Alex Sheshunoff Management Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 & n.4 (Tex. 2006).

[9] *See Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278, 283–84 (Tex.1999) (holding that, although Texas Government Code section 311.023 states that courts may consider the legislative history of unambiguous statutes, the legislative history of a statute cannot be used to alter the unambiguous meaning of a statute, except for the rare instance in which it is used to show a typographical error); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C*., 171 S.W.3d 905, 915 (Tex. App.—Houston [14th Dist.] 2005, published Rule 24 order) (stating that courts cannot use legislative history to interpret statute in a manner that contradicts the statute's unambiguous language).

4

statute's meaning is uncertain or if there is more than one reasonable interpretation of the statute, then the statute is ambiguous, and in determining the legislature's intent, we may proceed with caution in consulting extratextual interpretation aids, such as legislative history or an administrative agency's interpretation of the statute.[10]

The majority does not determine whether subsections (a) and (b) are ambiguous. The majority does not state whether the statute's meaning is uncertain or susceptible to more than one reasonable interpretation. The majority does rely upon legislative history in interpreting the statute, but the majority does not indicate whether it has concluded that the statute is ambiguous or whether it is using legislative history in the interpretation of unambiguous provisions.[11] Though the legislative history quoted by the majority may contradict Bob's alternative argument that section 3.007(a) codifies the time-allocation rule of *Taggart v. Taggart*, 552 S.W.2d 422, 424 (Tex. 1977), this legislative history does not address Bob's argument that subsections (a) and (b) do not apply to cases in which the retirement-plan participant has retired before the date of divorce.[12]

### *This court should conclude that the statute does not apply.*

Using the methodology outlined above, this court should conclude that subsections (a) and (b) are ambiguous. This court also should adopt Bob's interpretation that subsections (a) and (b) do not apply to the case under review because the retirement-plan participant retired before the date of divorce. Under this statutory interpretation, the determination of Bob's separate-property interest in his pension benefits would be based upon the common law. Under a common-law analysis, this court should conclude that the *Taggart* time-allocation rule does not apply to this case. Thus, the legal insufficiency, factual insufficiency, charge error, and constitutional arguments under Bob's first three issues lack merit.

---

[10] *In re Smith*, 333 S.W.3d at 586, 588; *Alex Sheshunoff Management Servs., L.P.*, 209 S.W.3d at 652.

[11] *See ante* at p.12.

[12] *See id.*

5

Because the majority fails to conduct the statutory analysis for subsections (a) and (b) of section 3.007, I do not join this part of its opinion. I respectfully concur in the judgment as to the first three issues and I join the remainder of the majority's opinion.


/s/    Kem Thompson Frost
Justice


Panel consists of Chief Justice Hedges and Justices Frost and Christopher. (Christopher, J., majority).