**Carolyn Ellen HUMBLE, Appellant,**

v.

**John Duncan HUMBLE, Appellee.**

**No. 09–89–189 CV.**

Court of Appeals of Texas,
Beaumont.

Feb. 14, 1991.

Rehearing Denied March 21, 1991.

Pamela E. George, Piro & Lilly, P.C., Houston, for appellant.

Michael Petit, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is a divorce case, the trial of which was based upon the pleadings of Mrs. Humble, appellant herein, who filed the original action for divorce in September of 1988, and upon the cross-petition for divorce which was filed approximately fourteen (14) days later by Mr. Humble, appellee herein. The cause was heard before the Honorable Robert Walker, Judge of the 279th Judicial District Court on February 9, 1989. Judgment was rendered in open court on February 9, 1989 and the rendition of that judgment was reduced to writing in the decree of divorce which was signed on April 20, 1989. Subsequent thereto, Mrs. Humble made a request for findings of fact and conclusions of law which was followed with a "Reminder To File Findings Of Fact And Conclusions Of Law". During the same period of time, on May 18, 1989, Mrs. Humble filed a motion for new trial. Findings of fact and conclusions of law were filed as were Additional Amended Findings.

Appeal was duly perfected by filing certificates of cash deposit in lieu of cost bond on July 17, 1989.

Mrs. Humble has timely filed the statement of facts, and the transcript and is properly before this Ninth Court of Appeals.

Mrs. Humble sets out six points of error and we perceive the central theme of these points of error to be questioning the trial court's division of Mr. Humble's pension earned during his 41.67 years as an employee with Mobil Oil Corporation.

Mr. Humble began working for Mobil Oil on June 23, 1947 at which time he began earning his pension rights and continued earning those rights up until the time of the divorce trial in February of 1989. Appellant and appellee did not marry until October, 1977, over thirty years after Mr. Humble began his employment. At the time of the divorce trial in February, 1989, Mr. and Mrs. Humble had been married 11.34 years of Mr. Humble's 41.67 years of service with Mobil Oil Corporation, or approximately 27% of the time in which he earned his pension. Although Mrs. Humble was only married to Mr. Humble for 27% of the time he earned his pension, Mrs. Humble requested that the trial court divide over 80% of the date of divorce value of Mr. Humble's pension. The trial court denied this request.

Both appellant and appellee in their respective briefs set out many factual details regarding the relationship between Mr. and Mrs. Humble which we choose not to recite for reason that same are not pertinent to the legal questions presented by this appeal. We choose rather, to view Mrs. Humble's appeal as a statement that the trial court mischaracterized and misapportioned the pension plan.

As previously stated, the trial court found the community interest in Mr. Humble's pension plan to be 27% by applying the apportionment formula:

YEARS OF SERVICE DURING MARRIAGE (11.34 years)
YEARS OF SERVICE TO DIVORCE (41.67 years)

Mrs. Humble requested that the trial court use a method of determining the community interest in the pension plan by subtracting an annuity benefit on the date of

marriage from an annuity benefit on the date of divorce. The trial court refused to follow Mrs. Humble's request and suggestion.

Appellant's point of error number one contends that the trial court erred in applying what has become known as the "apportionment formula". In appellant's point of error number two, she contends that the trial court erred in awarding appellant a mere 13.5% of the retirement plan of Mobil Oil Corporation which represents 50% of what the trial court found to be the community interest in said plan under the "apportionment formula". Since appellant's point of error number one and number two are overlapping and interrelated, we choose to address these two points together.

The Mobil Oil Retirement Plan at issue is referred to as a defined benefit plan which means that under such plan a specific monthly benefit is derived based upon a formula detailed within the plan. The formula for calculating Mr. Humble's benefits under this defined benefit plan is as follows:

$$1.6\% \times \begin{array}{c}\text{accredited} \\ \text{service}\end{array} \times \begin{array}{c}\text{final average} \\ \text{pensionable earnings}\end{array} - \begin{array}{c}\text{soc. sec.} \\ \text{benefits}\end{array} = \text{benefit}$$

Using the actual figures existing on February 1, 1989, Mr. Humble's date of divorce benefits is calculated as follows:

$$1.6\% \times 41.58 \times \$160,700.01 - \$5,094 = \$101,824.54/\text{yr.}$$
$$\$8,485.38/\text{mo.}$$
straight life annuity

Thus, the value of Mr. Humble's pension benefits at the time of the divorce was $8,485.38 per month expressed as a straight line annuity.

Our Texas Supreme Court first endorsed the concept of apportionment in cases where pension benefits were earned partially during a marriage and partially outside the marriage in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976).

Following *Cearley*, the Supreme Court established the apportionment formula fraction in the case of *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977) as follows:

$$\frac{1}{2} \times \frac{\text{credited service while married}}{\text{credited service at retirement}} \times \begin{array}{c}\text{value of accrued benefit at date of} \\ \text{retirement}\end{array}$$

Following *Taggart*, the Supreme Court was again faced with an apportionment question in *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983). The *Berry* case modified *Taggart* by holding that in cases involving employment after divorce, the apportionment fraction must be applied to the value of the benefit at the date of divorce instead of the date of retirement. It is of no little significance, however, that the Supreme Court in *Berry* went further to specifically approve the apportionment fraction as the correct way to determine the extent of the community interest. *Berry, supra* at 947.

Following the Supreme Court's decision in *Berry*, the Corpus Christi Court of Appeals properly established the correct formula to be followed in the case of *May v. May*, 716 S.W.2d 705 (Tex.App.—Corpus Christi 1986, *no writ*). That formula is as follows:

$$\frac{1}{2} \times \frac{\text{Credited service during marriage}}{\text{Credited service to date of divorce}} \times \text{benefit at date of divorce}$$

The trial court in the instant case, apportioned the retirement benefits as follows:

$$\frac{\text{Years of Service During Marriage (11.34 years)}}{\text{Years of Service to Date of Divorce (41.67 years)}} \times 27\%$$

The trial court found the extent of the community interest in Mr. Humble's pension to be 27% using this apportionment fraction and awarded Mrs. Humble 50% of the community interest or 13.5% of the total date of divorce benefit. We believe and so find that the trial court's determination of the community interest in the Humble pension plan is in complete compliance with the law as established in *Taggart* as modified by *Berry* and *May*.

Appellant apparently seeks to have this Court of Appeals apply what appellant refers to as an "accrued benefit method". This method suggests that we arrive at the extent of the community interest by subtracting the date of marriage benefit from the date of divorce benefit. Appellant cites no reported cases applying or approving the application of this accrued benefit method or subtraction method to a defined benefit pension plan, however, appellant appears to rely on *Berry* as a precedent for the proposition that the accrued benefit or subtraction method should determine the extent of the community interest in the Humble pension plan. We cannot and do not agree with appellant. *Berry* specifically approved the apportionment method by stating:

We are not to be understood as overruling *Taggart v. Taggart, supra,* or disapproving of its progeny, e.g., *Bankston v. Taft, supra* [612 S.W.2d 216 (Tex.Civ. App.1980)]; *Disbrow v. Thibodeaux supra* [596 S.W.2d 174 (Tex.Civ.App.1980)]; *In the Matter of the Marriage of Gongwer,* 554 S.W.2d 49 (Tex.Civ.App.— Amarillo 1977, *no writ*), insofar as those opinions *approve an apportionment formula for determining the extent of the community interest in retirement benefits.* When the value of such benefit is in issue, however, the benefits are to be apportioned to the spouse based upon the value of the community's interest at the time of the divorce. (emphasis added).

*Berry, supra,* at 947.

In *Berry,* the court was faced with a situation where Mr. Berry received several pay raises after the divorce. The increase in Mr. Berry's retirement benefits after divorce was due in part to this increase in pay. The court in *Berry* reasoned that, to allow Mrs. Berry to share in the post-divorce increase, would allow an invasion of Mr. Berry's separate property. The court in *Berry* also recognize that years of service throughout employment contributed to the post-divorce increase. Appellee contends that *Berry* cannot stand for the proposition that the entire post-divorce increase is separate property to which we agree. Since all years of service, including those years during the Berry marriage, are used to calculate the final retirement benefit, it is mathematically impossible for the post-divorce increase to be the result of solely post-divorce employment. It does not logically follow that the entire increase in the retirement benefit after marriage in the case before us is solely due to the post-marriage employment. We believe this to be exactly what the court in *Berry* recognized as evidence by their specific approval of the apportionment formula for determina-

tion of the extent of the community interest.

We are of the opinion that the trial court properly applied the appropriate apportionment method for determining the community interest in the Mobil Oil Corporation Retirement Benefit. Appellant's points of error number one and two are overruled.

Appellant's point of error number three contends that the trial court by applying the "apportionment formula" has manufactured a means of acquiring separate property outside the bounds of the Texas Constitution.

Appellant attempts to support her point of error number three by way of hypothetical analysis. Appellant asks this Court to assume that Mr. Humble married on the date of his employment and divorced one day prior to his marriage to our "Mrs. Humble". Appellant then determines the value of the community interest in the pension plan of the first marriage by freezing the value of the benefits at the time of the divorce as mandated by *Berry*. Using the apportionment method, the value of the community interest of the second marriage in the retirement benefit is calculated. Appellant adds the value of first marriage interest to the second marriage interest to demonstrate a gap.

Appellant then concludes that it is the application of the apportionment formula that causes the gap. Even though we applaud appellant's creativity, we nevertheless, disagree. It is apparent that under appellant's hypothetical, a gap is indeed produced by applying *Berry* to the first marriage. *Berry* freezes those benefits as of the time of the divorce. *Berry*, in effect, fails to recognize the contribution that years of service during the first marriage makes to the final divorce/retirement benefit in the second marriage. It is *Berry's* effect on this first marriage, by freezing those benefits, that creates the gap in appellant's hypothetical situation.

It is always interesting to hypothetically dismantle any opinion which is precisely what good lawyers should do and we agree that hypothetically under *Berry* an inequity could be created. However, in dealing with the real life situation before us, Mrs. Humble, appellant in our case, occupied the same position of the second wife in the hypothetical situation.

We are of the opinion that the trial court in our case applied well established Texas law and also reached the correct result both mathematically and equitably. Appellant's point of error number three is overruled.

Points of error numbers four and five basically contend that the trial court abused its discretion in its division of the community property. In order to sustain appellant's points of error, this Court would have to find that the apportionment formula applied by the trial court to the division of the Mobil Oil Retirement Plan was in error. For reasons previously stated, this Court refuses to do so. We are aware of no precedent standing for the proposition that the application of the apportionment formula constitutes an abuse of discretion. As stated in *Dessommes v. Dessommes*, 505 S.W.2d 673, 681 (Tex.Civ. App.—Dallas 1973, *writ ref'd n.r.e.*):

> ... we conclude that the apportionment theory does substantial justice in determining the extent of a community-property interest which has vested during the marriage.

The record before us reveals no evidence presented by appellant which would establish the value of the monthly benefit on the date of the marriage. Without this evidentiary information, the dollar value of the monthly increase of the benefit during marriage cannot be calculated.

In appellant's point of error number five, she contends that even by the trial court's applying the apportionment formula, the trial court erred by abusing its discretion in not awarding the appellant a greater share of the community estate. The trial court is to divide property in a manner that is just and right. Tex.Fam. Code Ann. § 3.63 (Vernon's Supp.1988). The trial court has broad discretion in determining what is a just and right division and this discretionary division can be overturned on appeal only upon a clear showing

of abuse. *Murff v. Murff*, 615 S.W.2d 696 (Tex.1981). It is not an abuse of discretion for a trial court to make an equal division of the property, even where equities balance in favor of the wife. *Stafford v. Stafford*, 726 S.W.2d 14 (Tex.1987).

Even though appellant alleged fault in her pleadings before the trial court, a review of the record does not lead us to any conclusion that the trial court abused its discretion or more particularly, that the trial court clearly abused its discretion. Appellant, in her brief, appears to concede that appellant received 50.5% in the court ordered property division.

Finding no abuse of discretion by the trial court in its division of community assets and further finding no mischaracterization of the Mobil Oil Retirement Plan, we hereby overrule appellant's points of error four and five.

Appellant's point of error number six contends that the trial court erred in refusing to make specifically requested findings of fact and conclusions of law regarding the valuation and division of the parties' estate and that such refusal has greatly impaired appellant's ability to present her appeal.

Appellant did make request for findings of fact and conclusions of law without making any suggested findings. The trial court filed extensive findings of fact and conclusions of law. We are of the opinion that these findings of fact and conclusions of law covered each material issue raised by the pleadings and evidence that related to each ultimate or controlling issue.

After the trial court entered its findings of fact and conclusions of law, appellant filed a request for additional and amended findings of fact and conclusions of law to which the trial court responded. We perceive appellant's primary complaint under point of error number six to be directed toward these requested additional or amended findings. In appellant's request for additional or amended findings, she asked the trial court to make an exact dollar valuation concerning appellee's pension benefits. It is clear that appellant failed to call any witness to provide evidence of any dollar value of the pension benefits at the time of marriage. How could the trial court make an exact determination of dollar value of the benefit and the exact dollar value of increases without such evidence? This would amount to a finding by the trial court not based nor supported in evidence. Furthermore, the trial court is not required to make findings which are unnecessary in support of its judgment. *Texas E. Transmission v. Sealy Ind. School District*, 572 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1978, *no writ*).

Appellant also requests findings dealing with the value of the items of the property. A trial court is not compelled to make findings setting out the value of each particular item of property. *Wallace v. Wallace*, 623 S.W.2d 723 (Tex.Civ.App.—Houston [1st Dist.] 1981, *writ dism'd*). Furthermore, the record reveals no material dispute concerning the value of any of the property contained in the inventory considered by the trial judge. The only real dispute apparent to us from the record, which was made by appellant, was as to the Mobil Oil Retirement Pension Plan. Appellant did not dispute the separate property claims of appellee with respect to any items of property other than said pension plan. The trial court is not required to make findings on undisputed facts. *Howard P. Foley Co. v. Cox*, 679 S.W.2d 58 (Tex.App.—Houston [14th Dist.] 1984, *no writ*).

It is apparent to this Court from a close review of the record and from appellant's brief, that this appeal is primarily directed at the trial court's characterization and subsequent division of retirement plan of Mobil Oil Corporation. We are of the opinion that the court made sufficient findings of fact and conclusions of law to support that court's judgment. The trial court committed no error in its findings. We overrule appellant's point of error number six and affirm the trial court's judgment in all things.

AFFIRMED.