Ricky Whitten v. Frances Whitten











 



IN THE
TENTH COURT OF APPEALS
 

No. 10-98-095-CV

     RICKY WHITTEN,
                                                                              Appellant
     v.

     FRANCES WHITTEN,
                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 34,789
                                                                                                               

O P I N I O N
                                                                                                               
      
      This is an appeal of a judgment dissolving the marriage of Ricky Whitten and Frances
Whitten, and in the interest of Richie Whitten, Samuel Whitten, Robert Whitten, and Melody
Whitten, minor children.
FACTUAL BACKGROUND
      Ricky and Frances were married in 1981. In 1982, Ricky was injured in a collision. The
personal injury suit filed as a result of the collision named Ricky and Frances as plaintiffs and 
asserted claims for pain and suffering, medical expenses, lost earnings, lost earning capacity and
loss of consortium. The lawsuit was settled in 1985, and the settlement provided as follows:
1) $306,000.00 at the time of settlement ($60,000 of which was paid to the Whittens, the 
balance to their lawyer and the workers compensation carrier), and
2) an annuity, paying:
a) $2,025.00 monthly measured by the life of Ricky (guaranteed for thirty years);
 b) an $18,000.00 lump sum payment in 1990;
 c) a $30,000.00 lump sum payment in 1995; 
 d) a $52,000.00 lump sum payment in 2000; and
 e) a $90,000.00 lump sum payment in 2005.
The annuity named Ricky as the measuring life, Frances as the primary beneficiary, and the
contingent beneficiary as the “Trustee as Specified in Frances Whitten’s Will.” None of the
settlement money already received was left at the time of the divorce. 
      The only disputed issues at trial were the division of the unpaid balance of the annuity and the
amount of child support. The court awarded Frances 35% of the future monthly annuity payments
and the two future lump-sum payments. The court ordered Ricky to pay child support of $910.00
a month, based on his income as a truck driver and on his 65% of the future monthly annuity
payments, including the lump sum payments. 
      Neither party requested Findings of Fact and Conclusions of Law under Texas Rule of Civil
Procedure 296 or Texas Family Code Section 154.130. Ricky appeals bringing five points of
error. His first, second and fifth points of error will be considered together and then his third and
fourth points of error will be considered.PROPERTY CHARACTERIZATION AND DIVISION
      By his first and second points of error, Ricky asserts that the evidence was legally and
factually insufficient to support the trial court’s award of 35% of the personal injury settlement
to Frances. Ricky’s fifth point of error asserts the court erred in considering circumstances other
than those existing at the time of the divorce. 
      The trial court is vested with broad discretion in making a “just and right” division of
community property. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). The trial court’s division
should be reversed on appeal only where an abuse of its discretion is shown such that the
disposition made of such property is manifestly unjust and unfair. See Humble v. Humble, 805
S.W.2d 558, 562-63 (Tex. App.—Beaumont 1991, writ denied). An appellant attacking a division
of property in a divorce proceeding has the heavy burden to show the trial court’s failure to
characterize property as the separate property of one spouse resulted in a division that is not just
and right. See Scott v. Scott, 805 S.W.2d 835, 841 (Tex. App.—Waco 1991, writ denied). 
      Without Findings of Fact and Conclusions of Law, the judgment of the trial court must be
affirmed if it can be upheld on any legal theory that finds support in evidence, and all necessary
fact-findings in support of such judgment are implied. See Pharo v. Chambers County, 922
S.W.2d 945, 948 (Tex. 1996). To decide whether the trial court abused its discretion, this court
will consider the evidence as a whole, with all reasonable inferences that may be drawn therefrom
considered in the light most favorable to the appellee. See Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992). 
      Ricky and Frances were both parties to the personal injury lawsuit which included claims for
pain and suffering, medical expenses, lost earnings, lost earning capacity, and Frances’s claim for
loss of consortium. Ricky and Frances both signed a release of their claims. The community
recovered for lost income, lost earning capacity during marriage, and medical expenses, past and
future. See Graham v. Franco, 488 S.W.2d 390, 396 (Tex. 1972). The separate estates of Ricky
and Frances recovered for personal injuries, pain and suffering, and loss of consortium. See
Whittlesey v. Miller, 557 S.W.2d 665, 669 (Tex. 1978). Because the settlement did not specify
the amount of recovery for any of the individual claims, the trial court had to determine the
amount of separate and community interests in the settlement and to divide any community
interest. 
      The Family Code provides that all property possessed during marriage or on dissolution of
marriage is presumed to be community property and the party claiming that such property is
separate must prove so by clear and convincing evidence. Tex. Fam. Code Ann. § 3.003
(Vernon 1998). A spouse who receives settlement proceeds from a lawsuit during marriage bears
the burden of demonstrating what parts of the settlement, if any, are separate property. See Kyles
v. Kyles, 832 S.W.2d 194 (Tex. App.—Beaumont 1992, no writ).
      Frances provided clear and convincing proof that some part of the settlement was her separate
property by introducing the release she signed relinquishing her loss of consortium claim, and the
court heard evidence about Frances’s loss of consortium to determine what amount of the
settlement was her separate property. Frances testified that Ricky changed so much after the
accident that Frances had to learn to love him again. She further testified that he lost his temper
more, suffered from memory loss, and they argued more. Also, Frances testified that Ricky
became physically violent toward her on at least two occasions after the accident and did not
remember being violent afterwards. According to Frances’ testimony, Ricky began having affairs
after the accident, and this caused her pain. 
      The trial court could have properly found that the settlement was: a) part Ricky’s separate
property, b) part Frances’ separate property, and c) part community property based on the
pleadings in the personal injury lawsuit and the release signed in the settlement of the lawsuit. The
trial court could have awarded Frances a separate property interest and a share of the community
property interest in the future annuity payments as there was clear and convincing evidence of her
separate property claim and evidence to sustain her loss of consortium claim. We cannot overturn
the judgment just because we cannot say how much of the 35% the court awarded her was her
separate property. The trial court’s judgment can be upheld on this theory. Ricky’s first and
second points of error are overruled. 
       Ricky’s fifth point of error asserts the court should not have awarded 35% of the personal
injury settlement under the circumstances that existed at the time of the divorce, apparently
complaining about Frances’s testimony of his post-settlement affairs. Because Ricky made no
objection to Frances’s testimony at the trial level, his fifth point of error is waived. 
CHILD SUPPORT
      By his third point of error, Ricky asserts the court erred in awarding 35% of the future lump
sum payments to Frances because it reduced the amount of child support payable to the children
and thus was not in their best interests. Ricky’s fourth point of error asserts the court erred in
failing to deduct the amount of expense for health insurance coverage for the children from his
available net resources as required by Section 154.062 (d) (5) of the Texas Family Code. Tex.
Fam. Code Ann. §154.062(d) (Vernon 1998). Ricky did not request Child Support Findings
under Section 154.130 of the Texas Family Code. His third and fourth points of error are
overruled. Tex. Fam. Code Ann. §154.130 (Vernon 1998). 
      The judgment of the trial court is affirmed.
 
                                                                         ROBERT M. CAMPBELL
                                                                         Justice (Sitting by Assignment)

Before Chief Justice Davis,
      Justice Vance and 
      Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed May 12, 1999
Do not publish
 

 

 

 




ze: 12pt">      Duty is always the threshold inquiry, which is a question of law for the court to decide. See
Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). The operative
question in this appeal is: did the hospital have a duty to Rebecca Cobb with respect to the
pedicular hardware kit that was used in her operation. I have no difficulty in finding a duty under
general negligence principles, considering the risk, foreseeability, and the likelihood of injury
weighed against the social utility of the hospital's conduct, the magnitude of the burden of
guarding against the injury, and the consequences of placing that burden on the hospital. See Van
Horn v. Chambers, 970 S.W.2d 542 (Tex. 1998) (citing the balancing test of Greater Houston
Transp., 801 S.W.2d at 525 (Of all these factors, foreseeability of the risk is "the foremost and
dominant consideration.")).
      negligence
      Under this record, a fact issue exists about whether the Hospital breached its duty and thereby
contributed to Rebecca Cobb's injuries.
SUMMARY
      Because the summary judgment evidence raises genuine issues of material fact about a breach
of duty by the Hospital and damages proximately resulting from the breach, I join in the decision
to reverse the summary judgment and remand the cause for trial. El Chico, 732 S.W.2d at 311.
 
                                                                   BILL VANCE
                                                                   Justice

Opinion delivered and filed May 30, 2001
Publish