NO. 07-06-0201-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 4, 2008

______________________________

In the Matter of the Marriage of CHARLOTTE NADEANE HUMBLE

and WILLIAM DENNIS HUMBLE 

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-529,141; HON. J. BLAIR CHERRY, JR. , PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Charlotte Nadeane Humble appeals from a final decree of divorce ending her marriage to William Dennis Humble.  She complains about the trial court’s division of the community estate.  It awarded her assets approximating $53,791 while awarding William assets approximating $53,381.  Nonetheless, the division was not sufficiently disproportionate in her favor, she posits.  We affirm the judgment of the trial court.

Division of Property
 

The manner in which a trial court divides the marital estate lies within its discretion.  
Murff v. Murff, 
615 S.W.2d 696, 698 (Tex. 1981); 
In re Marriage of Scott, 
117 S.W.3d 580, 584 (Tex. App.–Amarillo 2003, no pet.).  Moreover, there is a presumption that the trial court exercised its discretion in a lawful manner; so the burden lies with the complainant to establish its exercise was manifestly unfair or unjust.  
Dankowski v. Dankowski
, 922 S.W.2d 298, 304 (Tex. App.–Fort Worth 1996, writ denied); 
accord
 
Grossnickle v. Grossnickle
, 935 S.W.2d 830, 836 (Tex. App.–Texarkana 1996, writ denied) (noting that an appellate court may not interfere with the manner in which the trial court’s discretion was exercised unless the division was manifestly unfair and unjust).    

Next, while a trial court may order an unequal division of property when a reasonable basis exists for doing so, 
Robles v. Robles, 
965 S.W.2d 605, 621 (Tex. App.– Houston [1
st
 Dist.] 1998, pet. denied), it is not required to do so.  Indeed, it is not an abuse of discretion for a trial court to make an equal division when the equities could support an unequal division.  
Rafferty v. Finstad
, 903 S.W.2d 374, 377 (Tex. App.–Houston [1
st
 Dist.] 1995, writ denied); 
Humble v. Humble
, 805 S.W.2d 558, 562-63 (Tex. App.–Beaumont 1991, writ denied); 
see also Stafford v. Stafford
, 726 S.W.2d 14, 16 (Tex. 1987), 
overruled in part on other grounds by Price v. Price, 
732 S.W.2d 316 (Tex. 1987) (holding that it was not an abuse of discretion to deny one spouse a greater share of the estate where the other spouse had committed adultery and had a higher income).  

Here, the trial court divided the marital estate between the litigants in a virtually equal manner, though Charlotte received several hundred dollars worth of property more than William.  So, even though she believed that various equities favored her obtaining a greater share, we cannot say that the trial court abused its discretion in rendering the decision it rendered.  
Rafferty v. Finstad
, 
supra
; 
Humble v. Humble
, 
supra
.  

  Accordingly, the judgment of the trial court is affirmed, and the motion to dismiss filed by William is denied as moot.

Per Curiam