NO. 07-06-0201-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 4, 2008
______________________________

In the Matter of the Marriage of CHARLOTTE NADEANE HUMBLE
and WILLIAM DENNIS HUMBLE 

Â 
FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-529,141; HON. J. BLAIR CHERRY, JR. , PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Charlotte Nadeane Humble appeals from a final decree of divorce ending her
marriage to William Dennis Humble. She complains about the trial courtâs division of the
community estate. It awarded her assets approximating $53,791 while awarding William
assets approximating $53,381. Nonetheless, the division was not sufficiently
disproportionate in her favor, she posits. We affirm the judgment of the trial court.
Â Â Â Â Â Â Â Â Â Â Division of Property Â 
Â Â Â Â Â Â Â Â Â Â The manner in which a trial court divides the marital estate lies within its discretion. 
Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); In re Marriage of Scott, 117 S.W.3d 580,
584 (Tex. App.âAmarillo 2003, no pet.). Moreover, there is a presumption that the trial
court exercised its discretion in a lawful manner; so the burden lies with the complainant
to establish its exercise was manifestly unfair or unjust. Dankowski v. Dankowski, 922
S.W.2d 298, 304 (Tex. App.âFort Worth 1996, writ denied); accord Grossnickle v.
Grossnickle, 935 S.W.2d 830, 836 (Tex. App.âTexarkana 1996, writ denied) (noting that
an appellate court may not interfere with the manner in which the trial courtâs discretion
was exercised unless the division was manifestly unfair and unjust). 
Â Â Â Â Â Â Â Â Â Â Next, while a trial court may order an unequal division of property when a
reasonable basis exists for doing so, Robles v. Robles, 965 S.W.2d 605, 621 (Tex. App.â
Houston [1st Dist.] 1998, pet. denied), it is not required to do so. Indeed, it is not an abuse
of discretion for a trial court to make an equal division when the equities could support an
unequal division. Rafferty v. Finstad, 903 S.W.2d 374, 377 (Tex. App.âHouston [1st Dist.]
1995, writ denied); Humble v. Humble, 805 S.W.2d 558, 562-63 (Tex. App.âBeaumont
1991, writ denied); see also Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987), overruled
in part on other grounds by Price v. Price, 732 S.W.2d 316 (Tex. 1987) (holding that it was
not an abuse of discretion to deny one spouse a greater share of the estate where the
other spouse had committed adultery and had a higher income). 
Â Â Â Â Â Â Â Â Â Â Here, the trial court divided the marital estate between the litigants in a virtually
equal manner, though Charlotte received several hundred dollars worth of property more
than William. So, even though she believed that various equities favored her obtaining a
greater share, we cannot say that the trial court abused its discretion in rendering the
decision it rendered. Rafferty v. Finstad, supra; Humble v. Humble, supra. 
Â Â Â Â Â Â Â Â Â Â Â Â Accordingly, the judgment of the trial court is affirmed, and the motion to dismiss
filed by William is denied as moot.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam 
Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â 



 business" in Texas is sufficient to establish personal
jurisdiction. French's brief addresses those issues, but initially focuses on whether VPR
waived any objection to personal jurisdiction by filing an answer not subject to a special
appearance.

 It is fundamental to a court's jurisdiction to hear a dispute that it have both subject
matter jurisdiction and personal jurisdiction over the parties to the dispute. Federal
Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598, 600 (1943). The
standards for determining whether a court has personal jurisdiction over a foreign
defendant are well established. The Texas long-arm statute authorizes the exercise of
jurisdiction over non-residents "doing business" in Texas. Tex. Civ. Prac. & Rem. Code
Ann. § 17.042 (Vernon 1997). Although it lists particular acts that constitute "doing
business," the statute also provides that the non-resident's "other acts" may satisfy the
"doing business" requirement. Id. See Schlobohm v. Schopiro, 784 S.W.2d 355, 257 (Tex.
1990). The "doing business" standard of our long-arm statute permits it to reach as far as
the federal constitutional requirements of due process will allow. Guardian Royal
Exchange Assur. Ltd. v. English China Clays, P.I.C., 815 S.W.2d 223, 226 (Tex. 1981). 
As a result, we consider only whether it is consistent with federal constitutional
requirements of due process for Texas courts to assert in personam jurisdiction over a non-resident defendant. Id.; see also Helicopteros Nacionales de Columbia v. Hall, 466 U.S.
408, 413-14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1964).

 Federal constitutional requirements of due process limit the power of the state to
assert personal jurisdiction over non-resident defendants. Helicopteros, 466 U.S. at 413-14. The federal supreme court divides the due process requirements into two parts: 1)
whether the non-resident defendant has purposely established "minimum contacts" with
the forum state and, if so, 2) whether the exercise of jurisdiction comports with "fair play
and substantial justice." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76, 105 S.Ct.
2174, 85 L.Ed.2d 528 (1985).

 The federal supreme court also recognizes two categories of personal jurisdiction,
namely, specific and general. Guardian Royal, 815 S.W.2d at 228. When specific
jurisdiction is asserted, the causes of action must arise out of, or relate to, the non-resident
defendant's contact with the forum state in order to satisfy the minimum contacts
requirements. Helicopteros, 466 U.S. at 414 n.8. General jurisdiction is applicable when
the cause of action does not arise from, or relate to, the non-resident defendant's contact
with the forum state in order to satisfy the minimum contacts requirement. Helicopteros,
466 U.S. at 414-16.

 In explicating the minimum contacts requirement as it applies to specific jurisdiction,
the supreme court observed that due process requires a defendant have "fair warning" that
their conduct could make them subject to suit in a jurisdiction. Burger King, 105 U.S. at
472. It instructs that the "fair warning" requirement is satisfied if the defendant has
"purposefully directed" his activities at the residents of the forum state. Id. The
requirement that a defendant purposefully directed activities at forum residents ensures
that a non-resident defendant will not be haled into a jurisdiction based solely upon
"random," "fortuitous" or "attenuated" contacts or the "unilateral activity of another party or
a third person." Id. at 475; World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298,
100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

 After determining that the non-resident defendant purposefully established minimum
contacts with the forum state, we must then evaluate the contacts in light of other factors
in order to determine whether the assertion of personal jurisdiction comports with fair play
and substantial justice. A`sahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-115,
107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King, 471 U.S. at 476. These factors
include 1) the burden on the defendant, 2) the interest of the forum state in adjudicating
the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the
interstate judicial system's interest in obtaining the most efficient resolution of
controversies, and 5) the shared interest of the several states in furthering fundamental
substantive social policies. Burger King, 471 U.S. at 477. The federal supreme court has
even commented that "[t]hese considerations sometimes serve to establish the
reasonableness of jurisdiction upon a lesser showing of minimum contacts than would
otherwise be required." Id.

 A defendant challenging a court's exercise of personal jurisdiction through a special
appearance carries the burden of negating all bases of personal jurisdiction. Kawasaki
Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex. 1986). This court has held that
review of a trial court's resolution of questions of fact in a special appearance is one of
factual sufficiency. Ball v. Bingham, 990 S.W.2d 343, 347 (Tex.App.--Amarillo 1999, no
pet.). See also Shapolsky v. Brewton, 56 S.W.3d 120 (Tex.App.--Houston [14th Dist.]
2001, pet. denied). But see Whalen v. Laredo Nat. Bankshares, Inc., 37 S.W.3d 89, 91
(Tex.App.--San Antonio 2000, pet. denied).

 Under the factual sufficiency standard, we may only reverse the decision of the trial
court if its ruling is so against the great weight and preponderance of the evidence as to
be manifestly erroneous or unjust. See In re King's Estate, 150 Tex. 662, 664-65, 244
S.W.2d 660, 661 (1951). On VPR's request, the trial court filed findings of fact and
conclusions of law. We have held that findings of fact are of no effect when the trial court
does not hear evidence. Zimmerman v. Robinson, 862 S.W.2d 162 (Tex.App.--Amarillo
1993, no writ) (citing Timmons v. Luce, 840 S.W.2d 582, 586 (Tex.App.--Tyler 1992, no
writ)).

 A party may waive any objection it might otherwise have to a court's exercise of
personal jurisdiction over it. Burger King, 105 U.S. at 472, n.14; Shapolsky, 56 S.W.3d at
140. A party waives the right to contest personal jurisdiction over it when it makes a
general appearance before the court. Any answer or other appearance before judgment
is a general appearance unless it is made a "special appearance" for the purpose of
challenging the trial court's jurisdiction over the party. Tex. R. Civ. P. 120a., Shapolsky,
56 S.W.3d at 140. A special appearance may be made as to a severable claim in the
plaintiff's suit. Tex. R. Civ. P. 120a.

 Here, VPR filed an answer, initially in federal district court, and another answer in
state district court, neither of which were subject to a special appearance. In its appellate
brief, VPR does not explain why these answers did not constitute general appearances so
as to waive any challenge to the trial court's personal jurisdiction over it. The only
discussion touching on this question is VPR's procedural recitation that French's
counterclaims "were not properly served [on VPR] originally. But, after formal service, VPR
filed its special appearance and motion to dismiss French's claims." This presumes that
a special appearance was only required before it answered French's cross-claims.

 However, the rule in Texas is that once a party has filed an answer or otherwise
appeared, he is before the court for all purposes and formal service of cross-actions is not
required. See Carter v. G. & L. Tool Co. of Utah, Inc., 428 S.W.2d 677, 681 (Tex.Civ.
App.--San Antonio 1968, no writ) (citing Sullivan v. Doyle, 108 Tex. 366, 194 S.W. 136
(1917)). Because VPR was already before the court by virtue of its answer to CWFS's
petition, it waived any objection to personal jurisdiction with regard to French's cross-claims. Carter, supra.

 Our holding that VPR waived its objection to the trial court's personal jurisdiction
obviates the need to address its issues discussing minimum contacts and whether the
exercise of jurisdiction over it comports with traditional notions of fair play and substantial
justice.

 Finding no reversible error, the judgment of the trial court is affirmed.


 John T. Boyd

 Chief Justice


Publish.



Johnson, J., concurs in the result.


1. Because the interests of VPR and Gegios are aligned in the suit, to simplify our
discussion, we will use the name VPR to include Gegios.