Affirmed and Memorandum Opinion
filed January 20, 2011.

 

In The

Fourteenth
Court of Appeals



NO. 14-09-00394-CV



Joseph E. Uluh, Appellant 

v.

Ijeoma O. Uluh,
Appellee 



On Appeal from
the 328th District Court

Fort Bend County, Texas

Trial Court
Cause No. 05-CV-145407



 

MEMORANDUM OPINION

            Appellant,
Joseph E. Uluh, appeals the division of property incident to the divorce
between him and appellee, Ijeoma O. Uluh.  He challenges the trial court’s
findings of fact and conclusions of law regarding the division of the marital
estate, asserts that the trial court should have rendered judgment on a
mediated settlement agreement, and complains that the trial court made an unreasonably
disproportionate division of marital property.  We affirm.  

Background

Ijeoma filed her petition for divorce on October 4,
2005.  The trial court conducted a bench trial on the division of the marital
estate.  At the time of the trial, none of the parties’ children were minors. 
The trial court signed the final decree of divorce on January 21, 2009,
granting the divorce on the ground of insupportability.  Joseph appealed the
judgment dividing the marital estate, complaining in part that the trial court
erred in failing to make findings of fact and conclusions of law.  This court
abated the appeal so that the trial court could make findings of fact and
conclusions of law, which the trial court made and signed on January 12, 2010. 
The trial court found that the value of the marital estate is $577,031 and
awarded Ijeoma $295,289 of the estate—just slightly more than 50% of the
estate—and awarded Joseph $281,742 of the estate.  On appeal, Joseph challenges
the sufficiency of the evidence supporting certain findings of facts and
conclusions of law, asserts that the trial court should have rendered judgment
on a mediated settlement agreement, and complains that the trial court made an
unreasonably disproportionate division of marital property.[1]  

Standard of Review

            Findings
of fact entered in a case tried to the court have the same force and dignity as
a jury’s verdict on jury questions.  Catalina v. Blasdel, 881 S.W.2d
295, 297 (Tex. 1994).  We apply the same standards in reviewing the legal and
factual sufficiency of the evidence supporting the trial court’s fact findings
as we do when reviewing the legal and factual sufficiency of the evidence
supporting a jury’s answer to a jury question.  Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996) (per curiam).  

            In
reviewing the legal sufficiency of the evidence, we view the evidence in the
light favorable to the fact finding, crediting favorable evidence if reasonable
persons could, and disregarding contrary evidence unless reasonable persons
could not.  City of Keller v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005). 
We may not sustain a legal sufficiency, or “no evidence” point unless the
record demonstrates that: (1) there is a complete absence of a vital fact; (2)
the court is barred by the rules of law or of evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence to prove a
vital fact is no more than a scintilla; or (4) the evidence established
conclusively the opposite of the vital fact.  Id. at 810.  

            To
evaluate the factual sufficiency of the evidence to support a finding, we
consider all the evidence and will set aside the finding only if the evidence
supporting the finding is so weak or so against the overwhelming weight of the
evidence that the finding is clearly wrong and unjust.  Maritime Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406–07 (Tex. 1998); Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986) (per curiam).  

We review the trial court’s conclusions of law de
novo.  Busch v. Hudson & Keyse, LLC, 312 S.W.3d 294, 299 (Tex.
App.—Houston [14th Dist.] 2010, no pet.).  We review conclusions of law to
determine whether the conclusions drawn from the facts are correct.  Zagorski
v. Zagorski, 116 S.W.3d 309, 314 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied) (op. on reh’g).  Even if we determine that the trial court made an
erroneous conclusion of law, we will not reverse if the trial court rendered
the proper judgment.  Busch, 312 S.W.3d at 299.  We uphold conclusions
of law if the judgment can be sustained on any legal theory supported by the
evidence.  Id.

Analysis

Waste of
Community Assets & Payment Community Debts

Joseph complains that the trial court did not make a
conclusion of law that Ijeoma wasted community assets even though she admitted
that she withdrew $42,000 from her retirement account for additions to the home
she in which has been residing and which was ultimately awarded to her in the
divorce decree.  The trial court found that Ijeoma incurred a $42,000 debt on
her retirement account, which was community property, and the expenditure did
not inure to Joseph’s benefit.  

After the trial court files original findings of fact
and conclusions of law, any party may file a request for specified additional
or amended findings or conclusions within ten days after the filing of the
original findings and conclusions by the trial court.  Tex. R. Civ. P. 298.  The
failure to request amended or additional findings or conclusions waives the
right to complain on appeal of any omitted findings or conclusions.  See
Buckeye Retirement Co., L.L.C., Ltd. v. Bank of Am., N.A., 239 S.W.3d 394,
405 (Tex. App.—Dallas 2007, no pet.) (cross-appellant waived complaint about
omitted finding because it did not request additional findings of fact and
conclusions of law); Lewis v. Dallas Soundstage, Inc., 167 S.W.3d 906, 915
(Tex. App.—Dallas 2005, no pet.) (appellants’ complaint that specific conclusion
was not included in original findings and conclusions was waived because
appellants did not request additional findings of fact or conclusions of law
after receiving ones about which they complained on appeal); Smith v. Smith,
22 S.W.3d 140, 150 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (op. on
reh’g) (“By failing to request additional findings and conclusions, [appellant]
waived his right to complain on appeal about any error he assumes the court
made.”)  After the trial court filed its findings of fact and conclusions of
law on January 12, 2010, Joseph did not request additional or amended findings
of fact and conclusions of law.  Therefore, Joseph has waived his complaint on
appeal that the trial court erred in not making a conclusion of law that Ijeoma
had wasted community assets.  This issue is overruled.

Joseph also contends that the trial court erred in
finding that the funds he had withdrawn from his retirement account were not
used to pay community debts.  The trial court found that Joseph had withdrawn
over $112,000 from his retirement accounts during the course of the divorce but
that those funds were not used to extinguish community debt.  Joseph asserts
that he used those retirement funds to pay down community debts and pay for their
daughter’s wedding.  

However, there are several other findings by the
trial court not challenged by Joseph that are sufficient to support the
judgment.  Unchallenged findings of fact are binding on an appellate court
unless the contrary is established as a matter of law, or there no evidence to
support the finding.  McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex.
1986).  Joseph does not challenge the trial court’s finding that (1) temporary
injunctions were in place during the pendency of the case which precluded
Joseph from removing retirement funds; (2) the use of the funds removed from
the retirement accounts was accomplished without court order; (3) there had not
been a proper accounting of the use of the retirement funds to pay for
community debts; (4) the community debts had not been reduced during the
pendency of this case; (5) the withdrawal of the retirement funds amounted to
wasting of the community estate; (6) Joseph stated that his living expenses, household
bills, and daughter’s wedding expenses necessitated the withdrawals; and (7) Joseph
had sufficient income to pay all reasonable and necessary expenses without
removing funds from the retirement accounts.  Because these unchallenged findings
of fact are sufficient to support the judgment, this issue is overruled.  

Joseph further asserts that the trial court erred in
finding that although Ijeoma had made direct deposits into a joint account, Joseph
had not used those funds to discharge community obligations.  Joseph testified
that Ijeoma failed to pay $4,100 into a joint account to help with monthly
expenses until the resolution of the divorce pursuant to temporary orders dated
October 31, 2005.  Ijeoma testified that she initially had her checks deposited
directly into the joint account but that she ceased doing that because Joseph
was not paying the bills.  Ijeoma explained that she received an eviction
notice as a result of Joseph’s failure to pay the bills.  The trial court
similarly found that Ijeoma had received an eviction notice during the time Joseph
was obligated to pay community debts.  Joseph does not challenge this finding.  See
id.  Ijeoma further testified that the parties reached an agreement for
modified temporary orders entered in August 2006, under which each party agreed
to pay his or her own bills, and no money would be deposited into the other
party’s account.  Ijeoma stated that she wrote Joseph a check for “anything he
felt like [she] had not contributed” and “the slate had been cleaned at that point.”
 

A review of mediated temporary orders filed with the
trial court on August 24, 2006, reveals that Ijeoma acknowledged that she paid
off one of the credit cards “in July 2006 in the amount of $4549.66 . . . [and]
made some direct payments to creditors instead of paying [Joseph].”  The
parties further agreed that “[a]s a good faith payment of $2,000 made by
[Ijeoma] to [Joseph] to be negotiated on 8/26/06, [Joseph] agrees to abate the
enforcement action pending before the Court,” conditioned upon the parties’
exchange of information regarding authorized and unauthorized expenditures.  There
is nothing in the record to indicate that Joseph pursued any further enforcement
action against Ijeoma.  The parties further agreed to transfer the automatic
withdrawals to their individual accounts and close the joint checking account.  We
conclude that the evidence is legally and factually sufficient to support the complained
of finding by the trial court.  This issue is overruled.  

Property
Division

Joseph further contends that the trial court made an
unreasonably disproportionate division of the marital property.  We review a
trial court’s division of community property for an abuse of discretion.  Murff
v. Murff, 615 S.W.2d 696, 698 (Tex. 1981).  To determine whether the trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles, i.e., whether the act was
arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 240–41 (Tex. 1985).  We must indulge every reasonable presumption
in favor of the trial court’s proper exercise of its discretion in dividing the
marital property.  Mandell v. Mandell, 310 S.W.3d 531, 539 (Tex.
App.—Fort Worth 2010, pet. denied).  Generally, there is no abuse of discretion
where some evidence of a substantive and probative character exists to support
the trial court’s decision.  Swaab v. Swaab, 282 S.W.3d 519, 525 (Tex.
App.—Houston [14th Dist.] 2008, pet. dism’d w.o.j.).  

In a divorce decree, the trial court “shall order a
division of the estate of the parties in a manner that the court deems just and
right, having due regard for the rights of each party and any children of the
marriage.”  Tex. Fam. Code Ann. § 7.001 (West 2006).  The trial court’s
ultimate division need not be equal as long as it is equitable and the
circumstances justify a disproportionate division.  Phillips v. Phillips,
296 S.W.3d 656, 678 (Tex. App.—El Paso 2009, pet. denied).  

Here, the trial court awarded Ijeoma about 51%, and
Josephs about 49%, of the marital estate.  Mathematical precision in dividing
property in a divorce is usually not possible.  Hailey v. Hailey, 176
S.W.3d 374, 382 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Joseph does not
explain how this roughly equal property division is unreasonably
disproportionate.  It is not abuse of discretion for a trial court to make an
equal division of the property, even if equities balance in favor of the spouse
complaining of the division.  See Rafferty v. Finstead, 903 S.W.2d 374,
377 (Tex. App.—Houston [1st Dist.] 1995, writ denied); Humble v. Humble,
805 S.W.2d 558, 563 (Tex. App.—Beaumont 1991, writ denied) (citing Stafford
v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987)).  Therefore, we conclude that
the trial court did not abuse its discretion in dividing the property as it
did.  This issue is overruled.  

Mediated
Settlement Agreements

Joseph further argues that the trial court erred by
overruling a motion to enter a mediated settlement agreement.  Section 6.602 of
the Texas Family Code allows parties to enter binding mediated settlement
agreements regarding the dissolution of marriage and the division of property. 
Tex. Fam. Code Ann. § 6.602 (West 2006).  A mediated settlement agreement is
binding on the parties if the agreement (1) provides in a prominently displayed
statement that is in boldfaced type, capital letters, or underlined, that the
agreement is not subject to revocation; (2) is signed by the parties; and (3)
is signed by the parties’ attorneys who are present at the time the agreement
is signed.  Id. § 6.602(b).  If a mediated settlement meets these
requirements, a party is entitled to judgment notwithstanding Rule 11 of the
Texas Rules of Procedure or another rule of law.  Id. § 6.206(c).  

Appellant asserts that two documents entitled
“Mediated Settlement Agreement” and “Supplemental Mediated Settlement
Agreement” are binding and irrevocable and, therefore, should be the final
judgment in this case.  There is no record of any proceeding before the trial
court regarding the purported settlement agreements.  However, a notation on
the trial court’s docket sheet indicates that the trial court “reviewed MSA’s
(3 of them), but find no Final MSA.  Therefore, if no agreements,
parties must set for trial.”[2] 


We conclude that there is no mediated settlement
agreement that meets the requirements of section 6.602.  The first agreement
contains the following language: “The parties agree to allow their attorneys to
supplement the figures and sign the Supplemental Agreement prior to prove up on
1-17-07.”  This agreement lists numerous assets and debts, but the amounts of
those assets and debts were left blank.  Therefore, the first agreement is
incomplete.  The supplemental agreement is not signed by either the parties or
their attorneys as required by section 6.602.  See id. § 6.602(b)(2), (3). 
Instead, it is noted that “Attorneys left without signing, although agreements
reached — due to weather emergency.”  The trial court did not err in overruling
appellant’s motion to enter judgment on the purported mediated settlement
agreements.  This issue is overruled.  

Having overruled all of Joseph’s issues, we affirm
the judgment of the trial court.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

Panel consists of Chief Justice Hedges
and Justices Jamison and Price.*  









[1]
Joseph also complains that the trial court erred by failing to respond to his
timely filed request for findings of fact and conclusions of law, and he cannot
address the division of marital estate without such findings and conclusions. 
However, these arguments are moot light of the trial court’s having entered its
findings of fact and conclusions of law.





[2]
Emphasis in original.  





*
Senior Justice Frank C. Price sitting by assignment.